Spaulding v. Newport                    CV-94-316-SD 07/16/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Bert Spaulding, Sr.


        v.                                    Civil No. 94-316-SD


Town of Newport;
Henry Rodeschin,
 individually



                        O R D E R


    Currently pending in this civil rights action are three
motions in limine (documents 40, 43, 55).

    Plaintiff has moved in limine to exclude evidence of
plaintiff's re-election to the board of selectmen.  Plaintiff
argues that his re-election to the board is inadmissible because
it is not relevant under the definition provided by Rule 401,
Fed. R. Evid.  Defendant argues that the plaintiff's re-election
may be relevant to the determination of his damages, since he
claims damages continuing into the future.  As the probative
value of such evidence is not substantially outweighed by the
danger of unfair prejudice, see Rule 403, Fed. R. Evid.,
plaintiff's motion in limine to exclude evidence of his re-
election (document no. 43) is denied.

    Defendant has moved in limine to exclude evidence pertaining

to certain changes in the structure of meetings instituted at a September 5, 1991, meeting of the Board of Selectmen. Defendant argues that the changes represent a subsequent remedial measure made inadmissible by Rule 407, Fed. R. Evid. However, the rule does not "require the exclusion of evidence of subsequent remedial measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Id. Plaintiff argues that the evidence would tend to show the feasibility of running the Board meeting in another way. However, since the court has already found that the agenda rule was facially constitutional as originally written, the "feasibility" issue is essentially not controverted. Accordingly, the court grants defendants' motion in limine regarding subsequent remedial measures (document 40).

Defendant has also moved in limine to preclude plaintiff from offering evidence as to special damages. Although plaintiff has indicated in chambers that he objects to this motion, he has not filed an objection as of the date of this order. The court has previously ruled that plaintiff's arrest was supported by probable cause. However, the arrest, while not violating plaintiff's Fourth Amendment rights, may have been the result of a violation of plaintiff's First Amendment rights, given the

possible motivations of defendant Rodeschin. The First Circuit has recently noted that "an arrest based on probable cause might still be unlawful if the police officer acted simply for the purpose of punishing protected speech." Abraham v. Nagle, ___ F.3d ___, 1997 WL 295641, at * 5 (1st Cir. June 9, 1997). The issue remains unresolved in the First Circuit. Nonetheless, given prior rulings of this court, defendants may be liable for plaintiff's injuries arising from his arrest. Accordingly, defendants' motion in limine (document 55) is denied.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

July 16, 1997

cc: All Counsel

3